UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Willie Johnson, # 166593, | ) | C/A No. 6:10 -825-TLW-WMC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Associate Warden C. Burton; Lt. Kan Bishop; Sgt. S. Watson, | ) | |
| Defendants. | ) | |

The plaintiff, Willie Johnson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDOC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDOC employees as defendants.[2] Plaintiff claims he has been harassed and threatened. Plaintiff seeks monetary damages, as well as the defendants' termination of employment and his release from prison. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint names as defendants several employees of the SCDOC, presumed to act under color of state law. The complaint Statement of Claim states as follows, verbatim:

> These officials investigated a break in that happen at the chaplain area ) These officials had (no) proof showing that I did this crime, it was investigated once- and I was found not guilty. Sgt Watson Lt. Bishop and Assc/ Warden Burton - reinvestigated with (no) evidence and put the charge on me. I requested a polygraph test etc. denied ) These officials have continued to harrass me even after the DHO judge dismissed these frivolous charges I've continued to be threaten.

Docket Entry # 1 at 3. In addition to monetary damages, the complaint seeks to have the defendants removed from their jobs, and the Plaintiff released from prison. Docket Entry # 1 at 5.

The complaint fails to identify the violation of a right secured by the Constitution or laws of the United States, as required by § 1983. Plaintiff summarily states that he is being harassed and threatened by the defendants. Verbal harassment or verbal abuse by prison officials in itself does not state a constitutional deprivation under § 1983. *See McFadden v. Lucas*, 713 F.2d 143,146 (5th Cir. 1983)("mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations."(citation omitted)); *Accord Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973) (the use of words, no matter how violent, does not comprise a § 1983 violation); *see also Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment consisting of sheriff's threat to hang prisoner does not state constitutional deprivation actionable under § 1983). Plaintiff's allegations of harassment and threats are not sufficient to state a claim under § 1983.

Further, the complaint seeks injunctive relief that is not available in a civil rights action. This Court cannot order the termination of the defendants' employment, and Plaintiff's release from prison can only be granted through a habeas action. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." Habeas corpus is the exclusive remedy for a state prisoner who seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The complaint fails to state a claim on which relief can be granted and should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**<u>Recommendation</u>**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

                                                    s/William M. Catoe
                                                  United States Magistrate Judge

May 17, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).